**DAVID P. BENDER, JR.**, Bar No. 123976
dbender@andersonkill.com
**DAVID A. SHANEYFELT**, Bar No. 240777
dshaneyfelt@andersonkill.com
**CAROLINE HURTADO**, Bar No. 230526
churtado@andersonkill.com
**JOSEPH G. BALICE**, Bar No. 245509
jbalice@andersonkill.com
**ANDERSON KILL WOOD & BENDER LLP**
**864 E. Santa Clara St.**
**Ventura, CA  93001**
**Tel:   805-288-1300**
**Fax:  805-288-1301**

Attorneys for Plaintiff Classic Distributing and Beverage Group, Inc.

**SEDGWICK LLP**
**BRIAN D. HARRISON  Bar No. 157123**
brian.harrison@sedgwicklaw.com
**ERIN A. CORNELL  Bar No. 227135**
erin.cornell@sedgwicklaw.com
**333 Bush Street, 30th Floor**
**San Francisco, CA  94104-2834**
**Telephone: (415) 781-7900**
**Facsimile:   (415) 781-2635**

Attorneys for Defendant Travelers Casualty And Surety Company Of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLASSIC DISTRIBUTING AND BEVERAGE GROUP, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, <br><br> Defendant. | CASE NO.:  CV 11-07075 GAF (RZx) <br> (Assigned to Hon. Gary A. Fees and Hon. Ralph Zarefsky, Magistrate) <br><br> **[PROPOSED] ORDER ON STIPULATION FOR PROTECTIVE ORDER REGARDING CONFIDENTIALITY** |

imanage-165733.2                                            1

**IT IS HEREBY ORDERED:**

Plaintiff Classic Distributing and Beverage Group, Inc. ("Classic") and Defendant Travelers Casualty and Surety Company of America ("Travelers"), through their counsel of record, hereby stipulate to the following Protective Order governing the disclosure of certain private and/or proprietary documents or information that may be produced by the Parties or third parties during this litigation:

### 1.0 GOOD CAUSE STATEMENT

This is an insurance coverage action concerning, among other things, defense expenses incurred in defense of the Underlying Action. Classic must prove those expenses by production of defense counsel billing records. These records include the monthly billing statements of defense counsel which include details concerning defense and strategy regarding the Underlying Action. These records must be kept confidential, because they would reveal Classic's defense and strategy in other employment-related class actions. Accordingly, Under Rule 26(c)(1)(G), a protective order ("Order") is necessary to avoid any prejudice or harm in the form of loss of attorney client work product or attorney client privilege which could result if such information is disclosed in the absence of the protections set forth herein.

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge, as set forth in Section 11, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5.1 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the court to file material under seal. Furthermore, the Parties acknowledge that this Order is not intended to circumscribe the confidential or proprietary topics the parties may request or exchange.

**2.0 DEFINITIONS**

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c) and include all monthly billing statements and/or invoices sent by Steven W. Brennan and/or the law firm of St. John Wallace Brennan & Folan LLP, to Classic for services rendered in relation to the Underlying Action.

2.4 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

2.7 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential."

2.8 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9 <u>House Counsel</u>: attorneys who are employees of a Party.

2.10 <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

2.11 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.13 <u>Confidentiality Agreement</u>: the agreement attached as Exhibit A hereto.

2.14 <u>Underlying Action</u>: All proceedings under the case captioned, Amezquita v. Classic Distributing and Beverage Group, Inc., No. BC412216, Los Angeles County Superior Court.

**3.0 SCOPE**

3.1 The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

3.2 This order shall not govern in connection with dispositive motions or at trial. If protection is desired in connection with those proceedings, it must be sought separately, from the judicial officer who will preside at those proceedings. *See Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

**4.0      DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.0      DESIGNATING PROTECTED MATERIAL**

5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2      <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top or bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.

During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL."   When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20

days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions as "CONFIDENTIAL."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.0 CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality

designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must comply with Civil Local Rule 37-1. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

      6.3    <u>Judicial Intervention</u>. If counsel are unable to settle their differences over a confidentiality designation after considering the justification offered by the Designating Party, the parties shall formulate a written stipulation under Civil Local Rule 37-2 (and in compliance with Civil Local Rules 37-2.1 through 37-4). Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

      The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7.0**    **ACCESS TO AND USE OF PROTECTED MATERIAL**

      7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this;

(c)     experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the Confidentiality Agreement;

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Confidentiality Agreement;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Confidentiality Agreement. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author of the document or the original source of the information.

## 8.0 PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9.0 UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to

whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Confidentiality Agreement.

**10.0 FILING PROTECTED MATERIAL.**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.1.

**11.0 FINAL DISPOSITION.**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12.0 MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Limited to Discovery Only. This Order shall not govern materials submitted in connection with dispositive motions or at trial. If the parties desire protection for materials submitted in connection with those proceedings, they must apply separately to the jurist who will preside at those proceedings.</u> *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir 2003); *Kamamana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

**IT IS SO ORDERED**:

**Date: July 11, 2012**

By: _/s/ Ralph Zarefsky_

**United States Magistrate Judge**

imanage-165733.2         12
[PROPOSED] ORDER ON STIPULATION FOR PROTECTIVE ORDER

# EXHIBIT A
# CONFIDENTIALITY AGREEMENT

I, _____, acknowledge I have read the Stipulated Protective Order Re: Confidentiality entered in this action, CLASSIC DISTRIBUTING AND BEVERAGE GROUP, INC. v. TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, et al., United States District Court Case No. CV 11-07075 GAF (RZx).  I understand the terms of the Stipulated Protective Order Re: Confidentiality, and I agree to be bound by it.  I further understand that a violation of this Stipulated Protective Order Re: Confidentiality may be punishable as a contempt of court.


By: _____

Print: _____

Date: _____

# CERTIFICATE OF SERVICE

I, David A. Shaneyfelt, an attorney, hereby certify that on July 9, 2012, I caused a copy of the foregoing document to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Central District of California, on all parties registered for e-filing in Case Number **CV 11-07075 GAF (RZx)**. Counsel of record are required by the Court to be registered e-filers, and as such, are automatically e-served with a copy of the documents upon confirmation of e-filing.

s/ David A. Shaneyfelt_____
David A. Shaneyfelt
