SEDGWICK LLP
BRIAN D. HARRISON  BAR NO. 157123
ERIN A. CORNELL  BAR NO .227135
333 Bush Street, 30th Floor
San Francisco, CA  94104-2834
Telephone:   (415) 781-7900
Facsimile:   (415) 781-2635
Email:  *brian.harrison@sedgwicklaw.com*
        *erin.cornell@sedgwicklaw.com*

Attorneys for Defendant
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLASSIC DISTRIBUTING AND BEVERAGE GROUP, INC., a California corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>        Defendant. | Case No. CV 11-07075 GAF (RZx)<br><br>Honorable Gary A. Feess<br><br>**DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO CLASSIC DISTRIBUTING AND BEVERAGE GROUP, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:       August 20, 2012<br>Time:      9:30 a.m.<br>Courtroom:  740 (Roybal) |

Sedgwick LLP

TRAVELERS' STATEMENT OF GENUINE ISSUES IN OPPOSITION

1    In opposition to the Motion for Partial Summary Judgment of Classic

2    Distributing and Beverage Group, Inc. ("Classic"), Defendant Travelers Casualty

3    and Surety Company of America ("Travelers") sets forth below its Statement of

4    Genuine Issues of Fact in response to Classic's Separate Statement of

5    Uncontroverted Facts in Support of its Motion for Partial Summary Judgment.

6    **STATEMENT OF GENUINE ISSUES OF FACT**

| Classic's Alleged Undisputed Fact | Travelers' Response |
|---|---|
| Classic purchased an insurance policy from Travelers (the "Policy") for the period from October 24, 2008, to October 24, 2009. The Policy includes coverage for Employment Practices Liability ("EPL"). | Undisputed. |
| Section I(A) of the Policy contains an insuring agreement: "The Company shall pay on behalf of the Insured Loss for any Employment Claim first made during the Policy Period … for a Wrongful Employment Practice." | Undisputed, but note that the coverage provided is as provided by the entirety of the language set for in the Policy. |
| Section II(L) of the Policy defines *Loss*, in pertinent part, as:<br><br>*Defense Expenses* and money which an *Insured* is legally obligated to pay as a result of a *Claim*, including settlements; judgments; back and front pay; compensatory damages; punitive or exemplary damages or the | Undisputed, but note that the coverage provided is as provided by the entirety of the language set for in the Policy. |

TRAVELERS' STATEMENT OF GENUINE ISSUES IN OPPOSITION

| Classic's Alleged Undisputed Fact | Travelers' Response |
|---|---|
| multiple portion of any multiplied damage award if insurable under the applicable law most favorable to the insurability of punitive, exemplary, or multiplied damages; prejudgment and postjudgment interest; and legal fees and expenses of a *Claimant* or *Outside Counsel* awarded pursuant to a court order or judgment. "Loss" does not include: 1. civil or criminal fines; sanctions; … payroll or other taxes; or damages, penalties or types of relief deemed uninsurable under applicable law. | |
| Section I(F)(2) of the Policy defines *Employment Claim* as "a civil proceeding commenced by service of a complaint or similar pleading * * * against an Insured by or on behalf of or for the benefit of a *Claimant* or *Outside Counsel* for a *Wrongful Employment Practice*." | Undisputed, but note that the coverage provided is as provided by the entirety of the language set for in the Policy. |
| Section I(X) of the Policy defines *Wrongful Employment Practice* to include any actual or alleged "employment-related misrepresentation[s];" and any actual or alleged "failure to create or enforce adequate workplace or employment policies and | Undisputed, but note that the coverage provided is as provided by the entirety of the language set for in the Policy. |

| Classic's Alleged Undisputed Fact | Travelers' Response |
|---|---|
| procedures." | |
| Section III(E) of the Policy, together with Item 7 of the Declarations, gave Travelers the "right and duty to defend any *Claim* covered by a *Liability Coverage*, even if the allegations are groundless, false or fraudulent, including the right to select defense counsel with respect to such *Claim*." | Undisputed, but note that the coverage provided is as provided by the entirety of the language set for in the Policy. |
| An endorsement to the Policy, captioned, "*Wage and Hour Claim Exclusion*," limits both the defense and indemnity obligations of Travelers for any "*Claim*" under "any "*Wage and Hour Law*:"<br><br>    The *Liability Coverage* shall not apply to, and the Company shall have no duty to defend or to pay, advance or reimburse *Defense Expenses* for, any *Claim* for any actual or alleged violation of responsibilities, duties or obligations imposed on an *Insured* under any *Wage and Hour Law*, provided, that this exclusion shall not apply to *Claims* for *Retaliation* or any actual or alleged violation of the Equal Pay Act. | Undisputed, but note that the coverage provided is as provided by the entirety of the language set for in the Policy. |

SF/2774313v1

-4-

TRAVELERS' STATEMENT OF GENUINE ISSUES IN OPPOSITION

| Classic's Alleged Undisputed Fact | Travelers' Response |
|---|---|
| *Wage and Hour Law* as defined in the Policy's Liability Coverage Terms and Conditions, Section II(Z), is "any federal, state, or local law or regulation governing or related to the payment of wages including the payment of overtime, on-call time or minimum wages, or the classification of employees for the purpose of determining employees' eligibility for compensation under such law(s)." | Undisputed, but note that the coverage provided is as provided by the entirety of the language set for in the Policy. |
| On April 29, 2009, Anthony Amezquita ("Amezquita") filed a putative class action lawsuit against Classic in California Superior Court for the County of Los Angeles (the "Underlying Action"). | Undisputed, but note that the lawsuit in the Underlying Action was initially filed on April 21, 2009, and not April 29, 2009. |
| The Complaint, by its terms, was a class complaint that sought relief for – unremedied violations of California law, including, inter alia; damages, and/or restitution, as appropriate, to members of the Class, and to victims of the practices at issue, who have had work related wages unlawfully deducted in violation of Labor Code §§ 221; who have not been reimbursed for work expenses in violation of Labor Code section 2802 and | Undisputed, but note that this is not a complete or accurate summary of the Complaint, which speaks for itself and should be read in its entirely and context. |

TRAVELERS' STATEMENT OF GENUINE ISSUES IN OPPOSITION

| Classic's Alleged Undisputed Fact | Travelers' Response |
|---|---|
| who failed to receive all wages due upon termination of employment in violation of Labor Code section 201. | |
| The Complaint alleged that Classic had "failed to reimburse Plaintiff for work related expenses, unlawfully deducted incentive wages from pay, and failed to pay all wages due on termination." | Undisputed, but note that this is not a complete or accurate summary of the Complaint, which speaks for itself and should be read in its entirely and context. |
| The Complaint alleged that Classic had "violated the wage and hour provisions of California wage and hour laws by depriving Plaintiff, as well as others similarly situated to the named Plaintiff, of their wages when due, reimbursement for work related expenses and wages on termination." | Undisputed, but note that this is not a complete or accurate summary of the Complaint, which speaks for itself and should be read in its entirely and context. |
| The Complaint alleged that "[f]or at least four years prior to the filing of this complaint, [Classic] willfully committed widespread violations of California labor laws as alleged herein." | Undisputed, but note that this is not a complete or accurate summary of the Complaint, which speaks for itself and should be read in its entirely and context. |
| The Complaint alleged that Classic violated | Undisputed, but note that |

-6-

TRAVELERS' STATEMENT OF GENUINE ISSUES IN OPPOSITION

Sedgwick LLP

| Classic's Alleged Undisputed Fact | Travelers' Response |
|---|---|
| multiple provisions of the California Labor Code (§§ 201, 221, and 2802), and section 17200 of the California Business and Professions Code. | this is not a complete or accurate summary of the Complaint, which speaks for itself and should be read in its entirely and context. |
| The Complaint alleged a community of interest in the questions of law and fact involved and that such questions concerned whether Classic had implemented and engaged in "systematic practice[s]" to deprive the class of work related expenses, to make unlawful deductions from wages, and to promptly pay all wages due on termination. | Undisputed, but note that this is not a complete or accurate summary of the Complaint, which speaks for itself and should be read in its entirely and context. |
| The Complaint alleged two causes of action: (1) Failure to reimburse for work related expenses in violation of Labor Code § 2802; and (2) Unfair competition under section 17200 of the Business and Professions Code. | Undisputed, but note that this is not a complete or accurate summary of the Complaint, which speaks for itself and should be read in its entirely and context. |
| The Complaint sought seven items of relief:<br><br>1.    An order certifying that the action may be maintained as a class action;<br>2.    Compensatory and statutory | Undisputed, but note that this is not a complete or accurate summary of the Complaint, which speaks for itself and should be |

-7-

TRAVELERS' STATEMENT OF GENUINE ISSUES IN OPPOSITION

| Classic's Alleged Undisputed Fact | Travelers' Response |
|---|---|
| damages, penalties and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial;<br><br>3.    For recovery of penalties as provided by the Labor Code Private Attorneys General Act of 2004;<br><br>4.    An order enjoining CLASSIC from pursuing the policies, acts, and practices complained of herein;<br><br>6.    [sic] Reasonable attorneys' fees pursuant to Labor Code § 2802;<br><br>7.    Costs of this suit;<br><br>8.    Pre- and post-judgment interest; and<br><br>9.    Such other and further relief as the Court deems just and proper. | read in its entirely and context. |
| Classic promptly advised Travelers of the Underlying Action. | Undisputed. |
| By letter dated May 4, 2009, Travelers advised Classic that no coverage existed under the Policy for either defense or indemnity of the Underlying Action. | Undisputed, but this is not a complete or accurate summary of the May 4, 2009 letter, which speaks for itself. |
| By letter dated July 6, 2009 (the "July, 2009 | Disputed as stated. Travelers admits that the |

Sedgwick LLP

| Classic's Alleged Undisputed Fact | Travelers' Response |
|---|---|
| Letter"), Classic advised Travelers that "there is no coverage available for the causes of action alleged in the Complaint." | July 9, 2009 Letter contains the excerpted language, but denies that the statement is a complete or accurate summary of the coverage position set forth in the July 6, 2009 letter. For example, the July 6, 2009 Letter advised Classic that a defense was being provided solely due to the allegation that Classic had a Policy to not reimburse work related expenses in violation of section 2802 (which triggered coverage for Defense Expenses), but coverage was denied for indemnity in regard to all causes of action.<br><br>Classic's evidence: Tab A3: The July, 2009 Letter.<br><br>Travelers evidence: Ex. 1 to Declaration of Mary |

Sedgwick LLP

TRAVELERS' STATEMENT OF GENUINE ISSUES IN OPPOSITION

| Classic's Alleged Undisputed Fact | Travelers' Response |
|---|---|
| | Anne Veniegas ("Veniegas Decl."), July 6, 2009 letter from Travelers to Classic, ECF No. 14-1. |
| The July, 2009 Letter also stated that "[a] potential obligation to indemnify exists based on the allegations in the Class Action Complaint and, accordingly, Travelers agrees to defend its Insured's [sic] in this matter subject to rights it reserved under the Policy." | Disputed as stated. Travelers admits that the July 9, 2009 Letter contains the excerpted language, but denies that the statement is a complete or accurate summary of the coverage position set forth in the July 6, 2009 letter.  For example, the July 6, 2009 Letter advised Classic that a defense was being provided solely due to the allegation that Classic had a Policy to not reimburse work related expenses in violation of section 2802 (which triggered coverage for Defense Expenses), but coverage was denied |

-10-

TRAVELERS' STATEMENT OF GENUINE ISSUES IN OPPOSITION

| Classic's Alleged Undisputed Fact | Travelers' Response |
|---|---|
| | for indemnity in regard to all causes of action.<br><br>Classic's evidence: Tab A3: The July, 2009 Letter.<br><br>Travelers evidence: Ex. 1 to Veniegas Decl., July 6, 2009 letter from Travelers to Classic, ECF No. 14-1. |
| The July, 2009 Letter did not explain why Travelers believed a potential obligation to indemnify existed if "no coverage [was] available for the causes of action alleged in the Complaint." But Travelers did warn Classic it was reserving all rights "to disclaim liability for any damages that do not qualify as Loss within the meaning of the Policy," and "the right to seek reimbursement to the extent permitted by law for costs incurred to defend this matter, if it is conclusively determined that no coverage is available under the Policy." | Disputed.<br><br>Classic's evidence:  Tab A3:  The July, 2009 Letter.<br><br>Travelers' evidence:  Ex. 1 to Veniegas Decl., July 6, 2009 letter from Travelers to Classic, ECF No. 14-1. |
| Travelers retained the law firm of Pettit, Kohn, Ingrassia & Lutz, P.C. ("Appointed Counsel") to defend Classic against the | Undisputed. |

TRAVELERS' STATEMENT OF GENUINE ISSUES IN OPPOSITION

Sedgwick ᴸᴸᴾ

| Classic's Alleged Undisputed Fact | Travelers' Response |
|---|---|
| Underlying Action. Defense Counsel thereafter defended Classic against the Underlying Action. | |
| By letter dated August 5, 2009, Classic (through coverage counsel) advised Travelers that the allegations in the Underlying Action, along with Travelers' acceptance of defense under a reservation of rights, created an actual conflict of interest requiring the appointment of independent counsel under California Civil Code section 2860. Classic thereby requested Travelers to appoint its employment counsel, Steven W. Brennan ("Brennan"), of St. John, Wallace, Brennan, & Folan LLP, to defend Classic in the Underlying Action. | Undisputed, but this is not a complete or accurate summary of the August 5, 2009 letter, which speaks for itself. |
| By letter dated August 7, 2009, Travelers denied Classic's request to appoint Brennan to defend Classic in the Underlying Action. | Undisputed, but this is not a completed or accurate summary of the August 7, 2009 letter, which speaks for itself. |
| On or about April 7, 2010, Amezquita filed a First Amended Complaint ("Amended Complaint"). The Amended Complaint, by its terms, is a class complaint that sought relief for – unremedied violations of | Undisputed, but note that this is not a complete or accurate summary of the Amended Complaint, which speaks for itself |

TRAVELERS' STATEMENT OF GENUINE ISSUES IN OPPOSITION

| Classic's Alleged Undisputed Fact | Travelers' Response |
|---|---|
| California law, including, inter alia; damages, and/or restitution, as appropriate, to members of the Class, and to victims of the practices at issue, who have had work-related wages unlawfully deducted in violation of Labor Code section 221, who have not been reimbursed for work expenses in violation of Labor Code section 2802, who failed to receive overtime wages at one and one-half times the correct regular rate of pay for all house worked in excess of 8 hours per day and 40 hours per week in violation of Labor Code sections 511 and 1194, and who failed to receive all wages due upon termination of employment in violation of Labor Code section 201. | and should be read in its entirely and context. |
| The Amended Complaint alleged that Classic had "failed to reimburse Plaintiff for work related expenses, unlawfully deducted inventive wages from pay, and failed to pay all wages due on termination." | Undisputed, but note that this is not a complete or accurate summary of the Amended Complaint, which speaks for itself and should be read in its entirely and context. |
| The Complaint alleged that Classic had "violated the wage and hour provisions of California wage and hour laws by depriving | Undisputed, but note that this is not a complete or accurate summary of the |

-13-

TRAVELERS' STATEMENT OF GENUINE ISSUES IN OPPOSITION

Sedgwick ᴸᴸᴾ

| Classic's Alleged Undisputed Fact | Travelers' Response |
|---|---|
| Plaintiff, as well as others similarly situated to the named Plaintiff, of their wages when due, reimbursement for work related expenses and wages on termination." | Amended Complaint, which speaks for itself and should be read in its entirely and context. |
| The Amended Complaint alleged that "[f]or at least four years prior to the filing of this complaint, [Classic] willfully committed widespread violations of California labor laws as alleged herein." | Undisputed, but note that this is not a complete or accurate summary of the Amended Complaint, which speaks for itself and should be read in its entirely and context. |
| The Amended Complaint alleged that Classic "violated and continues to violate [ ] multiple provisions of California's wage and hour laws, including California Labor Code sections 201, 221, 511, 1194, 2698, et seq. and 2802;" and section 17200 of the California Business and Professions Code. | Undisputed, but note that this is not a complete or accurate summary of the Amended Complaint, which speaks for itself and should be read in its entirely and context. |
| The Amended Complaint alleged that Classic's "policies regarding work related expenses, deductions from wages, overtime hours and pay, and payment of wages on | Undisputed , but note that this is not a complete or accurate summary of the |

-14-

TRAVELERS' STATEMENT OF GENUINE ISSUES IN OPPOSITION

Sedgwick LLP

| Classic's Alleged Undisputed Fact | Travelers' Response |
|---|---|
| termination applied equally to Plaintiff, and all others similar situated, such that all are due reimbursement and compensation for the failure to comply with the Labor Code." | Amended Complaint, which speaks for itself and should be read in its entirely and context. |
| The Amended Complaint alleged generally that a "well-defined community of interest in the questions of law and fact involved" existed as to class members and that such questions concerned whether Classic had "implemented and engaged in systematic practice[s]" to: (1) deny employees reimbursement for work-related expenses; (2) make unlawful deductions from wages; (3) fail to pay overtime wages; and (4) fail to promptly pay all wages due on termination. | Undisputed , but note that this is not a complete or accurate summary of the Amended Complaint, which speaks for itself and should be read in its entirely and context. |
| Amezquita's First Cause of Action alleged that Classic "implemented and engaged in a systematic practice" that required Amezquita and the class "to incur work related expenses during their employment," and then never reimbursed them for those expenses.  He alleged that Classic's "policies regarding work related expenses" affected him and all other similarly situated. | Undisputed, but note that this is not a complete or accurate summary of the Amended Complaint, which speaks for itself and should be read in its entirely and context. |

SF/2774313v1

| Classic's Alleged Undisputed Fact | Travelers' Response |
|---|---|
| Amezquita alleged in discovery that those expenses concerned travel expense and/or mileage reimbursement. | Undisputed, but note that this is not a complete or accurate summary of the Amended Complaint, which speaks for itself and should be read in its entirely and context. |
| Amezquita's Second Cause of Action was a mix of claims.  First, he alleged that Classic required him and the class to work in excess of 8 hour days and 40 hour workweeks, without being compensated at one and a half times the regular rates of pay. Second, he alleged that Classic failed to provide him and the class with itemized wage statements as required under Labor Code section 226.  For this reason he sought remedies under Labor Code section 226(e). | Undisputed, but note that this is not a complete or accurate summary of the Amended Complaint, which speaks for itself and should be read in its entirely and context. |
| Amezquita's Third Cause of Action claimed that Classic's failure to reimburse for work-related expenses, its unlawful deductions of "earned incentive pay from wages," and its failure to pay all wages due on termination, constituted not only Labor Code violations, | Undisputed, but note that this is not a complete or accurate summary of the Amended Complaint, which speaks for itself |

TRAVELERS' STATEMENT OF GENUINE ISSUES IN OPPOSITION

SF/2774313v1

Sedgwick LLP

| Classic's Alleged Undisputed Fact | Travelers' Response |
|---|---|
| but "unlawful and/or unfair and/or fraudulent activity prohibited by California Business and Professions Code section 17200." | and should be read in its entirely and context. |
| Amezquita's Fourth Cause of Action sought relief under the Labor Code Private Attorney General Act of 2004 ("PAGA"), including the remedy of civil penalties for violations of the Labor Code as indicated. He alleged compliance with the statutory notice provisions to the California Labor and Workplace Development Agency. | Undisputed, but note that this is not a complete or accurate summary of the Amended Complaint, which speaks for itself and should be read in its entirely and context. |
| The Complaint sought seven items of relief:<br><br>1.    An order certifying that the action may be maintained as a class action;<br>2.    Compensatory and statutory damages, penalties and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial;<br>3.    For recovery of penalties as provided by the Labor Code Private Attorneys General Act of 2004;<br>4.    An order enjoining CLASSIC from pursuing the policies, acts, and practices | Undisputed, but note that this is not a complete or accurate summary of the Amended Complaint, which speaks for itself and should be read in its entirely and context. |

Sedgwick℠

| Classic's Alleged Undisputed Fact | Travelers' Response |
|---|---|
| complained of herein;<br><br>[sic] 6.  Reasonable attorneys' fees pursuant to Labor Code sections 1194, 2802, and 2699 et. seq.;<br><br>7.      Costs of this suit;<br><br>8.      Pre- and post-judgment interest; and<br><br>9.      Such other and further relief as the Court deems just and proper. | |
| By letter dated July 21, 2010, Travelers advised Classic that "except for the failure to reimburse expenses, there is no coverage available for the causes of action alleged in the First Amended Complaint."  Travelers stated that "a duty to defend only arises for" Amezquita's allegation that "[Classic's] policy to not reimburse for work related expenses is in violation of Labor Code 2802." | Disputed as stated. Travelers admits that the July 21, 2010 letter contains  the excerpted language, but denies that the statement is a complete or accurate summary of the coverage position set forth in the July 21, 2010 letter.  For example, the July 21, 2010 letter advised Classic that Travelers would continue to provide a defense under a reservation of rights against the section 2802 claim, but advised that it |

TRAVELERS' STATEMENT OF GENUINE ISSUES IN OPPOSITION

SF/2774313v1

| Classic's Alleged Undisputed Fact | Travelers' Response |
|---|---|
| | disclaimed coverage for any damages that did not qualify as "Loss" within the meaning of the Policy, that any fines, penalties or liquidated damages awarded under the Amended Complaint would not be covered, and that its duty to defend the claim "may be extinguished at some point in the future if it can be determined that no coverage exists for this matter under the Policy. |
| | Classic's  evidence: Tab A4: The July 21, 2010 letter. |
| | Travelers evidence:  Ex. 2 to Veniegas Decl., July 21, 2010 letter from Travelers to Classic, ECF No. 14-1. |

| Classic's Alleged Undisputed Fact | Travelers' Response |
|---|---|
| By letter dated August 12, 2010, Classic (through coverage counsel) demanded that Travelers, among other things, appoint Brennan as independent counsel and reimburse Classic for his fees paid to date. | Undisputed, but this is not a complete or accurate summary of the August 12, 2010 letter, which speaks for itself. |
| By letter dated September 27, 2010, Travelers declined to appoint Brennan as independent counsel for Classic. | Disputed as stated. Travelers admits that the September 27, 2010 letter declined to appoint Brennan as independent counsel for Classic, but denies that the statement is a complete or accurate summary of the coverage position set forth in the September 27, 2010 letter.  For example, the September 27, 2010 letter confirmed Travelers' position that the Wage and Hour Claim Exclusion endorsement applies to all Wage and Hour Law claims in the Amended Complaint, |

TRAVELERS' STATEMENT OF GENUINE ISSUES IN OPPOSITION

| Classic's Alleged Undisputed Fact | Travelers' Response |
|---|---|
| | coverage for indemnity had been denied for all causes of action in the Amended Complaint, and its duty to defend arose only out of a <u>potential</u> obligation to indemnify based on the claim under § 2802.  Further, Travelers explained that because coverage for indemnity had been denied for all causes of action in the Amended Complaint, there was no conflict of interest giving rise to an obligation to appoint independent counsel because there was nothing that defense counsel could do to steer the defense away from covered allegations to non-covered allegations.  Therefore, Travelers denied Classic's request to pay for independent |

-21-

TRAVELERS' STATEMENT OF GENUINE ISSUES IN OPPOSITION

Sedgwick

| Classic's Alleged Undisputed Fact | Travelers' Response |
|---|---|
|  | counsel to defend it against the *Amezquita* Action.<br><br>Classic's evidence: Tab B7: The September 27, 2010 letter.<br><br>Travelers evidence: Ex. 2 to Declaration of Alexander Hopkins, September 27, 2010 letter from Travelers to Classic, ECF No. 14-4. |

DATED:  July 16, 2012          SEDGWICK LLP


By: /s/  Brian D. Harrison
        Brian D. Harrison
        Erin A. Cornell
        Attorneys for Defendant
        TRAVELERS CASUALTY AND SURETY
        COMPANY OF AMERICA

TRAVELERS' STATEMENT OF GENUINE ISSUES IN OPPOSITION